UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LUSVY ROXANA AGUILAR GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:26-cv-00022-TWP-KMB |
| ) | |
| JAILER SCOTT MAPLES in his official ) | |
| Sheriff/Jailer of Michael L. Beacher Adult ) | |
| Correction Complex, Clark County Detention ) | |
| Center, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Lusvy Roxana Aguilar Gonzalez's Petition for Writ of Habeas Corpus. (Dkt. 1). Gonzalez, a native of Guatemala, is presently detained at the Clark County Jail under the authority of Immigration and Customs Enforcement ("ICE"). She proceeds under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). (Dkt. 1 at 9-10). For the reasons explained below, the Court **grants** the petition to the extent that no later than **February 20, 2026**, Respondents must either: (1) afford Gonzalez an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Gonzalez from custody, under reasonable conditions of supervision.

### I.     BACKGROUND

Respondents suggest, and Gonzalez does not contest, that she entered the United States eighteen years ago without inspection. *See* Dkt. 7 at 2, Dkt. 10 at 2).[1] On December 17, 2025, the

---

[1] The evidence cited by the Government in support on Gonzalez's entry states that "ESTRADA admitted to entering the US illegally (18) years ago" and is silent about when Gonzalez entered. (Dkt. 7-1 at 6). Though this may be a scrivener's error, the Court is not confident that it can discern what the sentence was intended to state. The Court notes that Gonzalez has a Louisville, Kentucky address. (Dkt. 1-2 at 1).

1

Louisville Metro Police Department detained her on a misdemeanor offense of assault in the 4th degree. On the same day, a Jefferson County District Court Judge released her on her own recognizance. (Dkt. 1 ¶ 16). She was released to ICE custody and placed in removal proceedings. *Id.* at ¶ 17. On December 18, 2026, ICE issued a Notice to Appear. (Dkt. 1-3 at 5).

The Notice to Appear charges Gonzalez with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as not being in possession of required identity and nationality documentation. *Id.* at 4. The "arriving alien" checkbox is unmarked. *Id.* at 1.

Gonzalez does not assert that she has moved for or been given a custody re-determination hearing. *See generally* Dkt. 1.

## II.     DISCUSSION

Gonzalez argues that her current detention violates the Due Process Clause of the Fifth Amendment (Count I) and the Immigration and Nationality Act ("INA") (Count II). (Dkt. 1 ¶¶ 29–38). Respondents argue that Gonzalez's petition is premature; that she is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that, in the alternative, she is lawfully detained under the INA pursuant to 8 U.S.C. § 1226(a) because she will have the opportunity to receive a hearing; and that her detention is constitutional. (Dkt. 7).

The Court finds that Gonzalez's detention is governed by § 1226(a) and that it is unlawful because she has not been afforded a bond hearing. Because Gonzalez is entitled to habeas corpus relief on these grounds.  Specifically, Gonzalez argues that she is a class member entitled to relief through the declaratory judgment the Central District of California issued in *Maldonado Bautista*

2

*v. Santacruz*, No. 5:25-cv-01873-SSS-BFM. As discussed below, the Court does not address Petitioner's other arguments.[2]

### A. Exhaustion

Respondents argue that Gonzalez's claims are premature because she has not moved for a bond hearing/appealed the rejection of bond consideration to the Board of Immigration Appeals ("BIA"). Dkt. 7 at 3–4. This Court has previously determined that exhaustion is not required because doing so would be futile given the holding in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025), that immigration judges lack authority to hear bond requests or grant bond to noncitizens such as petitioner. *See Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025); *Mohammed v. Olson*, No. 1:25-cv-2404-TWP-MKK, 2025 WL 3541819, at *2 (S.D. Ind. Dec. 10, 2025); *Chesme Bazurto v. Olson, et al.*, No. 1:26-cv-00122-SEB-CSW, 2026 WL 285993, *2 (S.D. Ind. Feb. 3, 2026); *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, *2 (S.D. Ind. Dec. 30, 2025); *Choudhary v. Swearningen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026); *Diaz Gonzalez v. Swearningen, et al.*, No. 1:25-cv-02141-RLY-TAB, dkt. 14 at 8-10 (S.D. Ind. Nov. 18, 2025). Respondents cite no intervening precedent that would change this Court's determination that exhaustion is not required.

---

[2]. In that case, the district court certified a class under Federal Rule 23(b)(2) that seemingly would include Gonzalez and held that DHS's widespread application of § 1225(b)(2) was contrary to the INA, vacating DHS's Policy under the Administrative Procedure Act, and entering final judgment. *Bautista v. Santacruz*, 2025 WL 3713981, *32 (C.D. Cal. Dec. 18, 2025). The applicability of *Maldonado Bautista* to resolve habeas actions outside the Central District of California is unclear. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Because the Court finds that Gonzalez is entitled to habeas relief, it need not resolve whether she is entitled to relief under *Maldonado Bautista*.

### B. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—
>
> > (1) may continue to detain the arrested alien; and
> >
> > (2) may release the alien on—
> >
> > > (A) bond . . . ; or
> > >
> > > (B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure [her] release if [she] can convince the officer or immigration judge that [she] poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d

976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

C. **Gonzalez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Gonzalez is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than

5

undocumented aliens like Gonzalez who are in the interior of the United States when detained. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Mohammed*, 2025 WL 3541819 at *3-5. As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[3] *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 7 at 1. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[4]

Accordingly, the Court concludes that Gonzalez is entitled to a bond hearing under § 1226, and it declines to reach her other arguments.

### D. Opportunity for Bond Hearing

In the alternative, Respondents argue that Gonzalez is being lawfully detained under § 1226(a) "because she will have the opportunity to receive a hearing before an Immigration Judge."

---

[3] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply.

[4] Respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *See* dkt. 7 at 2. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-62 (7th Cir. 2025), as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026). Additionally, after Respondents filed their brief, the Fifth Circuit decided that "seeking admission" is not limited to "arriving" noncitizens. *Buenrostro-Mendez v. Bondi*, No. 25-20496, --- F.4th ---, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026). Again, the Court defers to the Seventh Circuit's persuasive decision in *Castañon-Nava*.

Dkt. 7 at 10. Respondents therefore argue that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

There is no evidence, however, that Gonzalez will have a bond hearing. In fact, Respondents contend that Gonzalez is ineligible for a bond hearing. Because an immigration judge has not "denied" or "revoked" bond, § 1226(e) does not have any bearing on this petition. Gonzalez has not had an opportunity to meaningfully request and receive an individualized bond hearing. Thus, her detention pursuant to § 1226(a) is currently unlawful.

### III.     SCOPE OF RELIEF

Gonzalez is entitled to habeas relief because her continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Gonzalez requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 9–10. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Gonzalez's immediate release and instead orders Respondents to provide her an individualized bond hearing as required by § 1226(a) and its regulations.

7

## IV.     CONCLUSION

For the reasons explained in this Order, Gonzalez's Petition for Writ of Habeas Corpus, Dkt. [1] is **GRANTED** to the extent that no later than **February 20, 2026**, Respondents must either: (1) provide Gonzalez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Gonzalez from custody, under reasonable conditions of supervision. No later than **February 25, 2026**, Respondents must file documentation certifying that they have provided Gonzalez with a bond hearing, including apprising the Court of the results of the hearing. If Respondents release Gonzalez, then they must file documentation certifying her release. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 2/13/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Rania Attum
rania@attumlaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov